# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY R. DEFOGGI,<br> Appellant, | DOCKET NUMBER<br>DC-0752-14-0307-I-3 |
| v. | |
| DEPARTMENT OF HEALTH AND<br> HUMAN SERVICES,<br> Agency. | DATE: June 23, 2015 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Timothy R. Defoggi, Alexandria, Virginia, pro se.

Blanca Sanchez and Rebecca Wulffen, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal with prejudice for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2   On December 31, 2014, the administrative judge automatically refiled this removal appeal for the second time. *Defoggi v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0307-I-3 (I-3), Initial Appeal File (IAF), Tab 2. The administrative judge also ordered the appellant to file a statement of intent indicating whether he intended to withdraw his appeal or, if he did not intend to withdraw his appeal, to "explain the relief he would be entitled to if he prevailed in his appeal before the Board." *Id.* at 2. The appellant did not reply. Citing the appellant's failure to reply, along with the fact that the appellant was convicted of serious felonies and sentenced to a 25-year prison term, the administrative judge dismissed the appeal with prejudice as a sanction for failure to prosecute, finding "that the evidence supports a finding that the appellant intends to abandon his appeal." IAF, Tab 3, Initial Decision (ID); *see* 5 C.F.R. § 1201.43(b).

¶3   In his timely-filed petition for review, the appellant asserts that he never received the administrative judge's order and was therefore denied the opportunity to respond to it before the deadline set forth therein. I-3, Petition for Review (PFR) File, Tab 1 at 2. He attributes his criminal conviction to ineffective counsel from a public defender and claims that he has "retained a paid attorney who has managed to have two of the charges acquitted" and is challenging a third one in the U.S. Court of Appeals for the Eighth Circuit, the briefing of which was scheduled to be completed on April 13, 2015. *Id.* at 2-3. He opposes dismissal of his appeal with prejudice and asks that the Board defer its final decision until the Eighth Circuit rules on his criminal appeal. *Id.* at 3-4. The appellant also submitted a letter, dated October 21, 2014, to Chief Judge Laurie Smith-Camp of the U.S. District Court for the District of Nebraska

concerning the merits of his criminal case. PFR File, Tab 3. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 4.

¶4    Although the appellant claims that he did not receive the administrative judge's order because he was incarcerated at the time, it was sent to the appellant's address of record,[2] and he was responsible for notifying the Board of any change of address as well as for the timely forwarding of his own mail. *See Jacks v. Department of the Air Force*, 114 M.S.P.R. 355, ¶ 8 (2010); *see also* 5 C.F.R. § 1201.22(b)(3). Nevertheless, the Board's regulations do not permit dismissal with prejudice as a sanction for failure to comply with a single order. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011); *see* 5 C.F.R. § 1201.43(a). Dismissal may be an appropriate sanction for failure to prosecute an appeal, provided that the sanction is necessary to serve the ends of justice. *See* 5 C.F.R. § 1201.43(b). However, we have specifically held that the "extreme sanction of dismissal of an appeal for failure to prosecute should not be imposed for a single instance of failure to comply with a Board order." *Burnett v. Department of the Navy*, 71 M.S.P.R. 34, 38 (1996).

¶5    As we discern no bad faith on the part of the appellant in this regard, or any evidence that he intended to abandon his appeal, we find that, based on the aforementioned authorities the sanction of dismissal with prejudice was inappropriate. Instead, the Board has found that an appellant's incarceration may represent good cause for dismissing an appeal without prejudice—i.e., for allowing an appellant to pursue his appeal at a later time, in this case following the exhaustion of his criminal appeals. *E.g.*, *Massey v. Department of the Army*, 31 M.S.P.R. 435, 436 (1986); *Nunez v. Department of the Navy*, 15 M.S.P.R. 476, 479 (1983). For this reason, and because the appellant has indicated his wish to

---

[2] *See Defoggi v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0307-I-1, IAF, Tab 1; I-3, IAF, Tabs 2, 4. Although the appellant provides a new address of record with his petition for review, including a different person to which his mail is addressed "in care of," PFR File, Tab 1 at 1, the order in question clearly was sent to the appellant's then current address of record.

proceed with the adjudication of his appeal, we REMAND this case to the regional office.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        _____
William D. Spencer
Clerk of the Board

Washington, D.C.